# CIRCUIT COURT OF THE CITY OF RICHMOND

Terrill J. Richardson

v.

City of Richmond

September 1, 2005

Case No. LS-2448

BY JUDGE MELVIN R. HUGHES, JR.

In this appeal from a final order of the General District Court, plaintiff sues the City of Richmond seeking the recovery of $402.98 as penalties and interest for delinquent real estate taxes for the tax year 2003. The case is before the court on the City's Demurrer and on plaintiff' Motion to Dismiss Defendant's Demurrer and/or Motion to Dismiss.

The facts as related in a Bill of Particulars are these. Plaintiff owns two parcels of land. Under a lease agreement, Precision Machine Co. was to pay real estate taxes for the property. On November 2, 2002, Plaintiff entered into two Payment Contracts with the City of Richmond for the payment of delinquent real estate taxes due for the properties for that year. Under the contracts, plaintiff was required to pay $345.00 and $239.00 per month. The contracts contained a provision that the agreements would remain in good standing as long as "all future payments be paid on time."

In 2003, plaintiff received two tax bills, which listed the owner of the said properties as Precision Machine Company. The bills listed "Current Tax," "Delinquent Tax," and "Balance Due" for the total of each. Plaintiff paid the "Current Tax," the amount assessed for tax year 2003, by check. At this time, payments under the 2002 delinquent tax contracts were current and Plaintiff was in "good standing."

The City, however, applied the "Current Tax" payment to the delinquent amount due for 2002, not Plaintiff's "Current Tax" due for 2003. Later, the City determined that the 2003 tax bills were delinquent and assessed penalties and interest, resulting in the $402.98 disputed sum, the amount Plaintiff seeks to recover here. When Plaintiff learned of this, he paid the $402.98 and brought this claim after the City refused to waive payment.

Under Va. Code § 58.1-3913, it is provided that "unless otherwise provided by ordinance of the governing body, any payment of local levies received shall be credited first against the most delinquent local account. . . " The City contends that, without an ordinance in place specifying otherwise, by Va. Code § 58.1-3913, its actions were proper in applying Plaintiff's "current tax" payment to the 2002 delinquency.

Under Va. Code § 58.1-3916 "[p]enalty and interest for failure to file a return or pay a tax shall not be imposed if such failure was not the fault of the taxpayer, or was the fault of the commissioner of revenue or the treasurer, as the case may be. . . ." Continuing, the statute reads "[t]he treasurer shall make determinations of fault relating exclusively to failure to pay a tax. . ." and "[I]n jurisdictions not having a treasurer or commissioner of revenue, the governing body may delegate to the appropriate local tax officials the responsibility to make the determination of fault." Pursuant to an ordinance, the City of Richmond has vested that authority in the Department of Finance. The Department has ruled against Plaintiff in his request for a refund of the $402.98.

There is no case authority analyzing "fault" in the context of these statutes. By statute interest and penalties become part of the tax assessment. Va. Code § 58.1-3915. And a taxpayer aggrieved by an assessment of local taxes may apply for relief to the circuit court wherein such assessment was made.

Thus, on Demurrer, taking the facts alleged in Plaintiff's Bill of Complaint as true for purposes of testing their legal sufficiency, Plaintiff has stated a cause of action. See W. S. Carnes, Inc. v. Board of Supervisors, 252 Va. 377, 384, 478 S.E.2d 295, 300 (1996). This leaves a factual question relative to the issue of fault. Thus, the City's Demurrer shall be overruled and, for the same reason, likewise Plaintiff's Motion to Dismiss Defendant's Demurrer and/or Motion to Dismiss.

The City shall file responsive pleadings on or by September 13, 2003.